**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DIEGO RODRIGUEZ, on behalf of
himself and those similarly situated,

    Plaintiff,

vs.                                            Case No.  3:08-cv-479-J-32MCR

JBH WISE, INC., a Florida
Corporation,

    Defendant.

## ORDER[1]

This matter is before the Court on the parties' Joint Motion For Dismissal With Prejudice. (Doc. 7.) This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Plaintiff[2] seeks unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and declaratory relief. (Doc. 1.) In a FLSA case, the Court must make a finding that the settlement of the case represents "a fair and reasonable resolution of a bona fide dispute over the Act's provisions" after

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it is intended to decide the motion addressed herein and is not intended for official publication or to serve as precedent.

[2] Although Plaintiff filed this case "on behalf of himself and those similarly situated," the record reflects that plaintiff has not even attempted to meet his burden of demonstrating that the proposed class is similarly situated. 29 U.S.C. § 216(b). See Simpkins v. Pulte Home Corp., No. 6:08-cv-130-Orl-19DAB, 2008 WL 3927275, at *2 (M.D. Fla. Aug. 21, 2008).

"scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. Dep't of Labor, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982).  See also, Honey v. Stafford Transport of Florida, Inc., No. 3:06-cv-76-J-33TEM, 2006 WL 3708087, at *1 (M.D. Fla. Dec. 14, 2006).  However, "*Lynn's Food Stores* addresses judicial oversight of 'compromises' of FLSA claims." Mackenzie v. Kindred Hospitals East, L.L.C., 276 F. Supp.2d 1211, 1217 (M.D. Fla. 2003).  Where the employer offers the plaintiff full compensation to which he was arguably entitled on his FLSA claim, no compromise is involved and judicial approval is not required.  Id.; see also Alexander v. Florida Contracting Co., No. 6:08-CV-88-ORL-19KRS, 2008 WL 2073881, at *1 (M.D. Fla. May 14, 2008); Davidson v. Orange Lake Country Club, Inc., No. 6:06-CV-1674-ORL-19KRS, 2008 WL 976846, at *1 (M.D. Fla. April 9, 2008); Crooms v. Lakewood Nursing Center, Inc., No. 3:07-cv-435-J-32TEM, 2008 WL 398933, at *1 (M.D. Fla. Feb. 12, 2008); Aiello v. Daytona Beach Lincoln Mercury, Inc., No. 6:07-cv-1794-Orl-28KRS, 2008 WL 89772, at *1 (M.D. Fla. Jan. 7, 2008); but see Silva v. Miller, 547 F. Supp.2d 1299, 1302 n.2 (S.D. Fla. 2008)(disagreeing that judicial approval of an FSLA settlement not required where employer offers plaintiff employee full compensation).

Here, the parties' joint motion seeking an entry of an Order dismissing the case with prejudice, filed pursuant to Rule 41(a)(1), Federal Rules of Civil Procedure, references a Confidential Settlement Agreement and Release of Claims.  (Doc. 7.)  The settlement agreement has not been filed with the Court.  However, "[p]laintiff

represents and acknowledges payment in full for all of his claims, including his claim for overtime pay, liquidated damages and attorney's fees and costs." (Id.)  Based upon plaintiff's representation that the settlement agreement pays to him all past due compensation to which he was arguably entitled under the FLSA and his attorney's fees and costs, the settlement agreement is necessarily "fair," and requires no judicial scrutiny.

Accordingly, it is hereby

**ORDERED:**

1. The Joint Motion For Dismissal With Prejudice (Doc. 7) is **GRANTED** and this action is hereby **DISMISSED WITH PREJUDICE**.

2. The Clerk is directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 3rd day of September, 2008.

_____
TIMOTHY J. CORRIGAN
United States District Judge

jl.
Copies to:
Counsel of Record